## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| **Plaintiff,** | **Civil Action No. 1:18-cv-7376** |
| **v.** | |
| **JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICES, INC..** | |
| **Defendant.** | **JURY TRIAL DEMANDED** |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and under Title I of the Civil Rights Act of 1991 to correct unlawful retaliation by Defendant Jewish Board of Children and Family Services, Inc., against Kisha Douglas because she opposed violations of the ADA and filed a charge with the Equal Employment Opportunity Commission ("EEOC"). As set forth in greater detail in paragraphs 18-21 below, Defendant discharged Douglas because she engaged in protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a) which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful acts alleged below were committed within the jurisdiction of the

1

United States District Court for the Southern District of New York.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a) which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      Defendant Jewish Board of Family and Children's Services, Inc. is a social service agency that provides services to children and adults in New York City and Westchester County, New York.

5.      At all relevant times, Defendant has been a New York non-profit corporation.

6.      At all relevant times, Defendant has had at least fifteen (15) employees.

7.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7) which incorporates by reference Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

8.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

9.      At all relevant times, Defendant has continuously had more than 500 employees.

## ADMINISTRATIVE PREREQUISITES

10.     More than thirty (30) days prior to the institution of this lawsuit, Kisha Douglas filed a charge with the EEOC, alleging violations of the ADA by Defendant.

11.     The EEOC investigated Douglas' charge.

12.     On February 21, 2018, the EEOC issued Defendant an Amended Letter of

2

Determination finding reasonable cause to believe that Defendant violated the ADA.

13.     The EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate its unlawful practices and provide appropriate relief.

14.     The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

15.     The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

16.     On May 7, 2018, the EEOC issued to Defendant a Notice of Failure of Conciliation.

17.     All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

18.     Since at least April 5, 2016, Defendant has engaged in unlawful employment practices in violation of Section 503 of the ADA, 42 U.S.C. § 12203(a), when it discharged Douglas because she engaged in protected activity.  Specifically:

      a.   Douglas worked for Defendant as a Milieu Counselor at the Mann Center, a residential treatment facility for minors in Westchester New York.

      b.   On December 15, 2015, Douglas called in sick for reasons related to a disability. That day, the administrator on duty entered confidential information revealing the nature of Douglas' disability in the duty log, which was accessible by all employees at the Mann Center.

      c.   On January 11, 2016, Douglas contacted her manager, objected to the disclosure of her disability in the duty log, and requested that the information be removed. Although the manager agreed that the information should have been kept confidential and should be removed, it

3

was not removed.

d. On February 24, 2016, Douglas submitted an intake questionnaire to the EEOC regarding Defendant's failure to keep Douglas' disability confidential and requested that the EEOC conduct an investigation.

e. On February 26, 2016, the EEOC mailed Respondent a notice that Douglas had filed a charge of discrimination.

f. On or about March 6, 2016, Douglas contacted Defendant's Director of Employee and Labor Relations again seeking the removal of the confidential information about her epilepsy from the duty log.

g. On April 5, 2016, Defendant discharged Douglas, purportedly because of a problem discovered during her background check, which was conducted approximately a year before Douglas was discharged.

19. Since at least April 9, 2016, Defendant has engaged in unlawful employment practices in violation of Section 503 of the ADA, 42 U.S.C. § 12203(a), when it failed to rehire Douglas because she engaged in protected activity.  Specifically:

a. Upon discharging Douglas, Defendant informed her that she could re-apply for a position when the issue revealed by her background check was resolved.

b. On April 9, 2016, once the issue was resolved, Douglas applied for another position with Defendant.

c. Defendant's hiring official was aware of Douglas's protected activity.

d. In response to Douglas's application, the hiring official made an internal request to gather "all the negatives" concerning Douglas, in an effort to

4

justify failing to rehire her.

    e.   Defendant failed to rehire Douglas.

20.    The unlawful employment practices complained of in paragraphs 18-19 were intentional.

21.    The unlawful employment practices complained of in paragraphs 18-19 were done with malice or with reckless indifference to Douglas' federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate against any individual because they have engaged in activity protected by the ADA;

B.  Order Defendant to make Douglas whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement or front pay;

C.  Order Defendant to make Douglas whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

D.  Order Defendant to make Douglas whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

5

E.  Order Defendant to pay Douglas punitive damages to for its malicious and reckless

conduct described above, in an amount to be determined at trial;

F.  Grant such further relief as the Court deems necessary and proper in the public interest;

and

G.  Award the EEOC its costs in this action.

## **<u>JURY TRIAL DEMAND</u>**

The EEOC requests a jury trial on all questions of fact raised by its Complaint.


Date: August 15, 2018                                    Respectfully Submitted,
New York, New York

                                                        JAMES L. LEE
                                                        Deputy General Counsel

                                                        GWENDOLYN YOUNG REAMS
                                                        Associate General Counsel

                                                        U.S. EQUAL EMPLOYMENT
                                                        OPPORTUNITY COMMISSION
                                                        131 M. Street, N.E.
                                                        Washington, D.C. 20507

                                                        JEFFREY BURSTEIN
                                                        Regional Attorney

                                                        JUSTIN MULAIRE
                                                        Supervisory Trial Attorney


                                                        /s/_____
                                                        SEBASTIAN RICCARDI
                                                        Trial Attorney

                                                        U.S. EQUAL EMPLOYMENT

OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, Fl. 5
New York, NY 10004
(212) 336-3698
Sebastian.riccardi@eeoc.gov