IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> JEWISH BOARD OF CHILDREN'S AND FAMILY SERVICES, <br><br> Defendant. | CIVIL ACTION NO. |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/13/18

MEMO ENDORSED

## CONSENT DECREE

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Jewish Board of Children's and Family Services "Defendant") violated Title V of the Americans with Disabilities Act of 1990 ("ADA), as amended, when it discharged Keisha Douglas because she filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination.

The EEOC and Defendant have agreed that this action should be resolved by entry of this Consent Decree, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding on the parties, including Defendant's successors, assigns, subsidiaries, and any other entity with which Defendant may merge or consolidate. The parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the

1

sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

## GENERAL PROVISIONS

1.	This Decree is final and binding on the parties and resolves all claims asserted by the Complaint in this action and the underlying Charge No. 520-2016-01566.  This Decree does not resolve any other charge of discrimination pending before the EEOC, or any charge that may be filed in the future.

2.	The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met.

3.	By mutual consent of the parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court.

4.	Whenever Defendant is required to send documents, reports, forms, or other materials to the EEOC pursuant to this Decree, Defendant shall send such matters by electronic mail to Sebastian Riccardi at sebastian.riccardi@eeoc.gov and "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov.

## INJUNCTIVE RELIEF

5.	Defendant is enjoined from engaging in any employment practice prohibited by the ADA, including, but not limited to (1) failing to maintain information obtained regarding the medical condition or history of any employee on separate forms and in separate medical files,

and (2) failing to treat such information as a confidential medical record.

6. Defendant is enjoined from engaging in retaliation of any kind against any person because of such person has opposed any practice prohibited by the ADA, filed a charge of discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under the ADA or this Decree, or because such person was identified as a possible witness in connection with this matter.

### ADOPTION, POSTING, AND DISTRIBUTION OF POLICY PROHIBITING EMPLOYMENT DISCRIMINATION

7. Defendant shall maintain an antidiscrimination policy that prohibits all forms of discrimination and retaliation prohibited by the ADA, provides that such prohibition applies to employees and applicants for employment, and informs employees as to the manner by which they can make complaints or reports of unlawful employment discrimination to Defendantand the EEOC (the "Antidiscrimination Policy"). In addition, Defendant shall review with all employees the Employee Handbook, including but not limited to, the Antidiscrimination Policy contained therein within 5 days of their hire. All employees shall have access to the Employee Handbook on the intranet. The approval of the Policy is not an endorsement by the EEOC or by the Court that Defendant has been or is in compliance with federal anti-discrimination laws.

8. Defendant shall provide a copy of the Antidiscrimination Policy to all employees after their hire at the time of their orientation.

9. Within ten (10) business days of the entry of this Decree, Defendant will conspicuously display and maintain EEO posters in locations visually accessible to and commonly frequented by Defendant's employees and in locations typically used by Defendant for posting notices directed to employees or job applicants.

10. Within ten (10) business days of the entry of this Decree, Defendant will post the

3

"Notice of Lawsuit and Settlement," attached as Exhibit A, in locations visually accessible to and commonly frequented by Defendant's employees and in locations typically used by Defendant for posting notices directed to employees or job applicants.

## RECORDKEEPING AND REPORTING

11. During the term of this Decree, Defendant shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report (oral or written, formal or informal, internal or external) by any employee of disability discrimination or retaliation prohibited by this Decree. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant took; and (e) if the complaint or report was made in written form, a copy thereof.

12. Defendant shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree. Defendant shall permit a representative of the EEOC to enter Defendant's premises on two business days' notice, during normal business hours, for purposes of inspecting any relevant documents or records or otherwise verifying compliance with this Decree; provided, however, that the EEOC may enter Defendant's premises without advance notice, during normal business hours, for the purpose of verifying compliance with the notice posting requirements of Paragraphs 9-10.

13. Defendant shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be

due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

    (a) Copies of all records described in Paragraph 11, above, for the six (6) month period preceding the Semi-Annual Report or a certification by Defendant that no complaints or reports of discrimination were received during that period;

    (b) A certification by Defendant that the Notice required to be posted pursuant to Paragraph 10 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report;

    (c) Copies of the attendance records and all materials used during the training sessions pursuant to Paragraphs 14 and 15 that occurred during the six (6) month period preceding the Semi-Annual Report

## TRAINING

14. On an annual basis, Defendant will provide all supervisory and management employees, and other employees involved in Human Resources live in-person training on federal laws prohibiting discrimination in employment, with a special emphasis on laws prohibiting retaliation, as well as training on Defendant's Policy and such trainees' responsibilities thereunder. Newly hired or promoted supervisory and management employees will be given the training materials within five (5) business days after starting in the position.

15. On an annual basis, Defendant will provide all non-management employees training on federal laws prohibiting discrimination in employment. Newly hired employees will be given the training within five (5) business days after starting in the position.

Case 1:18-cv-07376-WFK Document 61 Filed 09/13/18 Page 5 of 12

16. Defendant shall obtain the EEOC's approval of its proposed trainer and the content the trainer proposes to present before the commencement of any training session required under Paragraphs 14 and 15, above. Defendant shall submit the name, address, telephone number, resume and training proposal of its proposed trainer (including copies of all materials the trainer proposes to display, distribute, or otherwise present) to the EEOC at least twenty (20) business days prior to the proposed date of each training session. The EEOC shall have ten (10) business days from the date it receives the information described above to accept or reject the proposed trainer and/or the content the trainer proposes to present. In the event the EEOC does not approve Defendant's proposed trainer and/or content, Defendant shall have five (5) business days to identify an alternate trainer and/or revise the content its trainer proposes to present. The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer and/or content. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance.

17. Defendant will maintain attendance records identifying in legible form the name and job title of the attendees at each annual EEO training session as well as copies of all training materials presented. ing

## MONETARY RELIEF

18. Defendant shall make payments to Douglas totaling $60,000 ("Payments"), as set forth below.

19. Within ten (10) business days of the entry of this Decree, Defendant shall issue and mail to Douglas, by Certified Mail: (i) a check for lost wages/backpay in the amount of $20,959.00, less lawful deductions and (ii) a check in the amount of $39,041.00. representing compensatory damages for Douglas emotional distress and punitive damages for the wrongs set

forth in the underlying Charge of Discrimination filed by Douglas. Defendant will make all required withholdings from the portions of the Payments representing back pay/lost wages for applicable federal, state, and local income taxes and the employee share of federal payroll taxes. Defendant will be responsible for (and may not deduct from the Payments to Douglas) any tax obligation Defendant incurs as a result of these payments, including the employer's share of payroll taxes. Defendant shall contemporaneously send copies of each check and withholdings statement to the EEOC. Defendant will issue IRS Form W-2 to Douglas for the portions of the Payments representing back pay, and IRS Form 1099 for the portions of the Payments representing damages.

20. If any payment due under this Decree is not made in full and mailed within the ten (10) business day period ("Unpaid Amount"), then for each business day beyond the tenth business day that such portion remains unpaid, Defendant shall pay to Douglas, in the manner set forth above, an amount equal to the greater of $25.00 or 0.1% of the Unpaid Amount.

## TERM OF DECREE AND DISPUTE RESOLUTION

21. This Decree will remain in effect for three (3) years from the date of entry, provided, however, that if, at the end of the term of the Decree, any disputes about compliance with the Decree remain unresolved (see Paragraph 22), the term of the Decree shall be automatically extended until such time as all such disputes have been resolved. This case may be administratively closed but will not be dismissed. The Decree will expire by its own terms at the end of the three -year term, without further action by the parties or the Court, unless the duration of this Decree has been extended automatically pursuant to this Paragraph or by other order of the Court.

22. If during the term of this Decree the EEOC believes that Defendant has failed to

comply with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged non-compliance and shall afford Defendant ten (10) business days to remedy the non-compliance or satisfy the EEOC that Defendant has complied. If Defendant has not remedied the alleged non-compliance or satisfied the EEOC that it has complied within ten (10) business days, the EEOC may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate.

23. No party will contest the validity of this Consent Decree or that the Court has jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments and decrees as necessary to implement the relief provided herein for the duration of this Decree. A breach of any term of this Decree by Defendant shall be deemed a substantive breach of this Decree for which EEOC may bring an enforcement action.

## MISCELLANEOUS PROVISIONS

24. Each party shall bear its own expenses, attorneys' fees, and costs.

25. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of Defendant. At least twenty-one (21) days prior to any sale or other transfer of Defendant's business or sale or other transfer of all or a substantial portion of Defendant's assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

26. When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant.

APPROVED IN FORM AND CONTENT:

FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

_____
JEFFREY BURSTEIN
Regional Attorney

JUSTIN MULAIRE
Supervisory Trial Attorney

SEBASTIAN RICCARDI
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, Fl. 5
New York, NY 10004
Tel: (212) 336-3698
Fax: (212) 336-3623
Email: Sebastian.Riccardi@eeoc.gov

FOR DEFENDANT JEWISH BOARD OF CHILDREN'S AND FAMILY SERVICES,

_____
Judy Archer
Chief Human Resources Officer
Defendant Jewish Board of Children's and Family
Services

_____
Mary A. Smith
44 South Broadway, 14th Floor
White Plains, NY 10601
Tel: (914) 872-6907
Email: Mary.Smith@jacksonlewis.com

9

The Court hereby approves the consent decree. Additionally, the Clerk of Court is instructed to cancel all upcoming deadlines and conferences and place this case on the Court's suspense docket.

SO ORDERED, ADJUDGED AND DECREED this __13th__ day of _____August_____, 2018.

_____/s/ Valerie Caproni_____
United States District Judge



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3721
General FAX: (212) 336-3625

**EXHIBIT A**

**NOTICE OF LAWSUIT AND SETTLEMENT**

This Notice is being posted as part of a Consent Decree, settling a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against Jewish Board of Children's and Family Services, in Federal court in the Southern District of New York (Civil Action No. 18-cv-7376). In its lawsuit, EEOC alleged that Defendant unlawfully retaliated against and employee when she filed a charge of disability discrimination.

Federal law prohibits employers from retaliating against individuals who complain about or oppose discrimination or participate in any way in the processing of a discrimination complaint.

Defendant and its managers, and supervisors, will support and comply with Federal law prohibiting retaliation against any employee because of they have complained about discrimination, opposed discrimination, or filed or participated in any way in the processing of a complaint of discrimination.

As part of the settlement, Defendant:
1. Will not retaliate against individuals have complained about discrimination, opposed discrimination, or filed or participated in any way in the processing of a complaint of discrimination;
2. Will maintain and distribute written policies and procedures prohibiting retaliation and enabling employees to file complaints;
3. Will provide training on Federal laws prohibiting employment discrimination and retaliation to all current and future employees;
4. Will permit EEOC to monitor compliance with the Consent Decree;
5. Will provide EEOC periodic reports on its internal complaints of harassment and discrimination;
6. Will post and distribute this Notice; and
7. Will pay $60,000 in money damages to the employee who was subject to retaliation.

2

Should you have a complaint of discrimination, you may report it to any EEOC office throughout the United States, including the New York District Office, at:

**Equal Employment Opportunity Commission**
**(800) 669-4000**
**www.eeoc.gov**

Dated: _____

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

**This notice must remain posted for three years from date shown above, and most not be altered, defaced, or covered by any other material. Any question concerning this Notice or compliance with its provision may be directed to the U.S. Equal Employment Opportunity Commission at the number listed above.**